### The Texas & St. Louis R'y Co. v. J. O. Ross & Co.

#### (Case No. 1551.)

1. PLEADING — BILL OF PARTICULARS.— In a suit for work and labor, an exception that the petition does not state the time and place of its performance, and the person by whose direction it was performed, is not well taken, where a bill of particulars attached to the petition, and made a part thereof, supplies by its entries the defect (Rule 19).

2. PLEADING.— If the petition alleges that the work was done at the request of a defendant railway company, it is sufficient, and need not state evidence of the fact by averring the name of the agent or servant of the company who contracted for or directed the work.

3. EVIDENCE — ADMISSIONS.— It is immaterial that one suing on items of account for work and labor derived his information about the correctness of each item from books, memoranda and calculations of his employees, when it is shown that the defendant admitted the correctness of the items and accepted the work.

APPEAL from Smith.  Tried below before the Hon. Jno. C. Robertson.

J. O. Ross & Co., composed of J. O. Ross and J. H. Burnett, were railroad builders and contractors, and during the fall of 1879 and until about July, 1880, were engaged as such, upon the road of the Texas & St. Louis Railway Company, doing certain work, consisting of clearing, grubbing, grading, bridging, pile-driving and furnishing cross-ties, pile and bridge timbers, and they also did some extra work.  On February 19, 1881, they filed this suit to recover from the company the sum of $23,865.09, consisting of $12,235.99, a balance claimed on work performed by them, and $11,629.10 damages for breach of contract, and profits on work alleged to have been embraced in the contract, but which the company refused to permit them to do.  The railway company demurred generally and specially, and pleaded a full and final settlement of all the matters and things between the parties and payment in full of all amounts due.

A trial was had at the September term of Smith county district court, 1882, and the court in its charge, having withdrawn the items of damages for breach of contract and estimated profits on work not done from the consideration of the jury, they returned a verdict in favor of Ross & Co. for the sum of $10,054.16. A motion for a new trial was made, and on plaintiffs' entering a *remittitur* for $1,819.25, the motion was overruled and the railway company gave notice of appeal.

*Whitaker & Bonner*, for appellant, on the admission of evidence, cited: 1 Greenleaf, §§ 82, 84, 98, 117 and 119; Wharton's Ev., §§ 141, 238, 240, 245, 686, 678; Cole *v.* Dial, 8 Tex., 349; Townsend *v.* Coleman, 18 Tex., 420; S. C., 20 Tex., 820; Underwood *v.* Parrott, 2 Tex., 168; Burleson *v.* Goodman, 32 Tex., 229; Kotwitz *v.* Wright, 37 Tex., 82.

*W. S. Herndon*, for appellees.

Willie, Chief Justice.— The special exceptions to the petition, made the subject of the first assignment of error, are not well taken. The vagueness in the petition, to which the fourth special exception is taken, consists in a failure to state the time and place of the performance of the work and the person by whose direction it was performed. Any defects as to the time and place of doing the work are supplied by the bill of particulars made part of the petition. Such exhibits are, by the rules prescribed for the district courts, attached and referred to in aid and explanation of the allegations of the petition. Rule 19. They make more certain and definite what is properly alleged in a general manner in the pleading to which they are attached, and fix more accurately and definitely the import of such allegations. Burks *v.* Watson, 48 Tex., 114. As to the failure to state by whose direction the work was performed, or what engineer allowed any item in the exhibit, an averment of either character would have been superfluous, and there was no necessity to use any particularity, whatever, in making the unnecessary allegations. So the work was done at the express or implied request of the defendant company, the latter was liable for its value, and the plaintiffs were not bound to allege their evidence of that fact; and, if they did so, need not have stated it with any particularity. Plaintiffs were not allowed to recover on the McGreeny account; hence, there is no necessity of noticing the exception taken to the manner of stating it in the exhibit.

The important point in the case arises under the bills of excep-

tions taken by the appellant to the action of the court refusing to strike out certain testimony of the witnesses Ross, Burnett and Holton.

The objection taken to the testimony is that it is hearsay, and not facts within the knowledge of the witnesses. It would be a useless consumption of time to notice each item of evidence of each witness to which this objection is urged. It may be stated generally that both Ross and Burnett admit on cross-examination that they derived some of their information as to quantity, measurement and value of a portion of the work done and materials furnished by plaintiffs from books and from the statements of other persons. But it is further to be remarked, that these facts so denied are stated by them to have been admitted by the defendant company. The witnesses, in saying that their information of the correctness of any item was derived from books, memoranda or calculations of their employees, meant the information by which they were enabled to know how much the company owed them for the particular item of work. They were satisfied of the correctness of this information, and upon it founded their claim to the item and included it in the bill. This might not of itself have proved the item upon the trial, but, when the company approved or admitted it, the plaintiffs were entitled to recover without respect to the manner in which they arrived at the particulars constituting the item.

A merchant may make out his bill against a customer from information derived from a salesman which had never been committed to writing, but which he is satisfied is correct. If approved by the debtor it cannot be objected to, because the merchant's information as to the account was derived in such a way as not to be good evidence in court.

The principal, if not the only, objection to Ross' and Burnett's testimony is, that they state their information as to some of the items was derived from memoranda and statements of others. But they also say that the work and material represented by the account was approved and accepted by the company's chief engineer. Also that the entire work was so accepted, which, of course, includes the items to which the hearsay information was received.

Burnett gives the particulars of the acceptance and approval by the engineer of a large number of the separate items to which the foregoing objection was taken. He also proves his individual knowledge of many of them, such as clearing, grubbing, etc. But apart from this, all that part of the bill upon which a recovery was had is included in the general acceptance of the engineer, the notice of

whose employment appears by the evidence to give him the power to bind the company by such approval.

We think that counsel for appellant have misapprehended Holton's testimony. He states his positive knowledge of the clearing, grubbing and grading, having been present and gone over the work. He states that he was personally engaged in the pile-driving and bridging. In his answer to the eleventh cross-interrogatory he plainly meant to distinguish between the work he was *personally* engaged in doing and that which he merely saw performed by others. In other words, his answer is as if he had said that "I know as to the pile-driving, etc., by having had personal superintendence of it; but I had no personal interest in the grubbing, clearing and grading, and know as to that only by having been present and gone over it."

We think the objections to the evidence were properly overruled.

The ninth assigned error is the only other one demanding our attention, and it suffices to say, as to that assignment, that there is enough in the evidence of J. H. Burnett to show that the statements of defendant's witnesses, as to the settlement of accounts, is in conflict with his testimony. He states that the credits to which the defendant was entitled amounted to $10,682.42, and that this was all the money that had been paid upon the account. This amount, with the sum remitted added, makes about the amount of credits proved by vouchers. The witness Parramore speaks of the settlement between himself and Burnett in Minty's office as being in full of all demands of Ross & Co. against the company; but Minty, who was present, understood it as a settlement under the written contract for work between Gilmer and Big Sandy. Stephens' testimony corroborates Minty. There is a conflict in the testimony of defendant's own witnesses, and the jury were justified in finding that the amount claimed under the verbal contract was not included in the settlement. They find against the plaintiffs on the written contract, upon which the settlement occurred. There is no error in the judgment and it is affirmed.

AFFIRMED.