J. E. & MARY MUSE v. F. H. BURNS.

(No. 1873.)

APPEAL from Washington County. Opinion by WILL-
SON, J.

SAYLES & BASSETT, counsel for appellant.

R. S. TARVER, counsel for appellee.

§ 73. *Value of services sued for; proof of, dispensed
with, when; case stated.* Appellee sued appellants to re-
cover for alleged services performed by him for appel-
lant, Mary Muse, then Mary Harold; for money paid out
by him for her; for the purchase price of property sold
by him to her, and for property belonging to him con-
verted by her. The alleged indebtedness all accrued prior
to appellants' intermarriage with each other. Appellee
recovered judgment for $649.02, that is, for $458.57 with
eight per cent. interest thereon from May 8, 1884, and
$140 with eight per cent. interest thereon from January
1, 1885. The first error assigned is that the verdict and
judgment are unsupported by the evidence as to certain
items of the alleged indebtedness, in that there is no evi-
dence of the *value* of the services, etc., sued for. To this
assignment it is a sufficient answer to state that it was
proved that appellee presented to Mrs. Muse a full state-
ment of his account against her, embracing all of said
items, and showing the amount due him therefor, and
that she admitted the correctness of said account at the
time, to wit, May 8, 1884, and that she justly owed every
cent of it, and promised him that she would pay it. This
dispensed with the necessity of any further proof as to
the value of the services, etc. [R. R. Co. v. Ross, 62 Tex.
447.]

§ 74. *Erroneous charge; verdict contrary to, will not
be set aside, when.* It appears from a supplemental peti-
tion, and from the evidence, that a portion of appellee's

demand, to wit, the sum of $130, embraced in an item of money paid to one Webb for the benefit of Mrs. Muse, had been settled by Mrs. Muse executing to appellee her note payable at a future day; that said note was never paid by her, but that she wrongfully obtained possession thereof, and refused to surrender the same or to pay the same. Upon this feature of the case, the court, in effect, instructed the jury that if Mrs. Muse had executed to the plaintiff her note for any of the sums sued for, said plaintiff could not recover for said sums in this suit. It is objected by appellant that the verdict of the jury is contrary to this instruction, as the evidence clearly showed that said $130 of the indebtedness sued for had been settled by the note of Mrs. Muse. *Held:* If there had been no supplemental petition alleging the facts in relation to said note, showing its non-payment and conversion by Mrs. Muse, or if there had been no evidence of these facts, said instruction would have been proper, but in view of the allegations in the supplemental petition, and of the evidence in support of such allegations, said instruction was erroneous; and although the verdict is contrary to said instruction, it will not be set aside, because it is in accordance with the law as applicable to the facts of the case. [2 W. Con. Rep. § 88; Merriweather v. Dixon, 28 Tex. 16; Wright v. Wright, 6 Tex. 3.]

§ 75. *Private writings; production of, on trial; practice as to.* On the trial, appellee, being a witness in his own behalf, on cross-examination testified that he had receipts for some of the moneys claimed to have been paid out by him for Mrs. Muse, and had the same then in his possession. Thereupon appellants' counsel demanded that he should produce the receipts for their inspection. He offered to comply with this demand, upon condition that the receipts should be read in evidence. Appellants' counsel declined to inspect them upon this condition, and appellee refused to produce them, and the court declined to require him to produce them, to which ruling of the court appellants excepted and

assign the same as error. *Held:* The receipts were private writings in which appellee had an interest. In the United States the courts have been unwilling to exercise the power of compelling the production of private writings for the purpose of inspection, except where such power is given by statute, save in extreme cases, and only then upon the affidavit of the party demanding the inspection, particularly stating the circumstances. [1 Greenl. Ev. § 559.] In this state there is no statute upon the subject. In this case the suit is not founded, either in whole or in part, upon the receipts, and the production thereof was in no way essential to its determination. It is not even intimated that the receipts were forged or fraudulent, or that appellants' rights were injuriously affected by their non-production. There was no error in refusing to compel the witness to produce the receipts.

§ 76. *Demand of payment; interest.* Plaintiff alleged in his petition that he had demanded payment of the indebtedness claimed by him, but did not allege the date of such demand. The petition was not specially excepted to because of this omission. It was proved that he made such demand on May 8, 1884, as to all of said indebtedness except the item of $140 purchase money for his crop, which item was not due until in the fall of 1884. The verdict of the jury and the judgment allow interest on all of said indebtedness except said $140 from May 8, 1884. This is assigned as error. *Held:* All the items of indebtedness except the $140 purchase money of crop, and the item for the value of the corn converted, accrued and were due in 1883, and would properly bear interest from January 1, 1884. [R. S. art. 2977; 2 W. Con. Rep. § 560.] The conversion of the corn occurred May 5, 1884, and interest upon that item began to accrue from that date. Interest upon the $140 purchase money for the corn was allowed from January 1, 1885, which was correct. There is no error in the judgment in the matter of interest.

**§ 77.** *Judgment; form of, against married woman for debt contracted dum sola.* It was not error to direct in the judgment that execution should be levied upon the separate property of Mrs. Muse only. [W. & W. Con. Rep. § 145.]

January 13, 1886.                Affirmed.