Port Huron Engine and Thrasher Company et al. v. John C. McGregor et al.

No. 2088.  Decided November 2, 1910.

**1.—Pleading—Exhibit—Mortgage—Description.**

An exhibit made a part of plaintiff's petition can not be used for the purpose of setting out his cause of action, but may aid the allegations of the petition so as to make certain that which otherwise would be indefinite. In an action to foreclose a mortgage so exhibited, that instrument may be looked to for the purpose of identifying the property on which foreclosure was sought and obtained and adding to the description items in the mortgage omitted in the body of the petition. (P. 533.)

**2.—Same—Correction of Judgment.**

The entry on the judge's docket showed a recovery by plaintiff foreclosing his mortgage on the personal property described. The judgment as entered followed the description in the body of the petition omitting property included in the mortgage itself which was set forth as an exhibit. Held, that it was competent for the trial court, at a succeeding term, on due proceedings by plaintiff therefor, to correct the judgment so as to foreclose on the property as described in the mortgage, that being the judgment originally intended by him. (Pp. 531–534.)

Error to the Court of Civil Appeals for the First District, in an appeal from Montgomery County.

Action by the Port Huron Engine and Thrasher Company and others against McGregor and others, to correct the entry of judgment at a former term, between the same parties. Plaintiffs prevailed, but on defendants' appeal this was reversed and rendered for defendants, whereupon plaintiffs procured writ of error.

*S. A. Crawford* and *Dean, Humphrey & Powell,* for plaintiffs in error.—Upon the proposition that the term "sawmill" includes the engine: 27 Cyc., 509, 510; Am. & Eng. Enc. Law, 2d ed., 674, 675, and notes; Bouvier's Law Dictionary, mill; Halpin v. Insurance Co. of North America, 120 N. Y., 77; Empire Lumber Co. v. Kiser, 91 Ga., 644; Home Mutual Ins. Co. v. Roe, 71 Wis., 33; Cook v. Condon, 6 Kan. App., 574; Curtiss v. Smith, 35 Conn., 158; Newhall v. Kinney, 56 Vermont, 591.

The Court of Civil Appeals erred in holding that plaintiff's petition in the original action contained no allegations setting up or seeking to foreclose a lien on the property now in controversy herein, for that the petition with the copy of the mortgage attached thereto and made a part thereof, which itself in specific terms described said engine, did put in issue the plaintiff's lien thereon, and said mortgage having been offered in evidence and the court having pronounced judgment foreclosing plaintiff's lien on the property described, it was proper in this action for the entering of judgment nunc pro tunc, among other things, that the court should find and hold that such engine was foreclosed on in fact in the former judgment, and thereupon order that judgment be entered as it should have been entered at the January term, A. D. 1908, of the District Court of Montgomery County foreclosing in specific terms the lien on said engine. Rule 19 for the District Courts; Randall v. Rosenthall, 31 S. W., 823; Milliken v. Callahan County, 69 Texas, 209; Wiley v. Electric Co., 45 S. W., 690; Jones v. Jones, 60 Texas, 458; MacDonell v. International & G. N. R. Co., 60 Texas, 594; Burks v. Watson, 48 Texas, 114; Texas & St. Louis Ry. Co. v. Ross, 62 Texas, 447; Whittaker v. Gee, 63 Texas, 436; Ramsey v. McCauley, 9 Texas, 106; Cowan v. Ross, 28 Texas, 228; Ximenes v. Ximenes, 43 Texas, 461.

The trial court adjudged the existence of such lien under the pleadings and evidence and rendered judgment foreclosing the same, and such judgment being both warranted and demanded by the pleadings, entitled the defendant in error, this petitioner, to an affirmance of this cause. McAlpin v. Burnett, 19 Texas, 500; Ball v. Hill, 48 Texas, 634; Cannon v. McDaniel, 46 Texas, 315; Kempner v. Comer, 73 Texas, 202; Slaughter v. Owens, 60 Texas, 671.

*Williams & Reid,* for defendants in error.—The court, in an action to interpret and construe a judgment and to enter judgment nunc pro tunc, is not authorized to give peculiar meaning to words and phrases of the contract upon which the original suit was predicated, where such words have no necessary legal signification within themselves. Roberts v. Short, 1 Texas, 373-383; Fleming v. Nall, 1 Texas, 249; Ward v. Lattimer, Bagby & Co., 2 Texas, 249; Dewees v. Lockhart, 1 Texas, 537; Kelly & Roberts v. Robb, 58 Texas, 379; Brenneman v. Bush, 30 S. W., 699; Williams v. Arnis, 30 Texas, 47; Epperson v. Young, 8 Texas, 136; Smith v. Falwell, 21 Texas, 468; San Jacinto Oil Co. v. Power Co., 41 Texas Civ. App., 293; Ellis v. Cochran, 8 Texas Civ. App., 510; Rochester German Ins. Co. v. Peaslee-Gaulbert Co., 1 L. R. A. (N. S.), 367; 1 Greenleaf on Evidence (14th ed.), paragraphs 278, 280, 282, 286, 288, 289, 290, 292, 295, especially 295.

In motion to reform, interpret and enter judgment nunc pro tunc, no question can be determined upon which evidence dehors the record is admissible. Articles 1354, 1355, Rev. Stats.; Evans v. Smith, 22 Texas Civ. App., 472; Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 448; Myer Bros. Drug Co. v. Coulter, 18 Texas Civ. App., 685; Mansell v. Castles, 93 Texas, 414.

An exhibit to a petition will not relieve the pleader from making the necessary allegations of which the said exhibit may be the evidence in whole or in part. Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 448; Rule 19 for the District and County Courts of Texas; Macdonell v. International & G. N. R. Co., 60 Texas, 594; Wynne v. State Natl. Bank of Fort Worth, 82 Texas, 378; Miles v. Mays, 16 S. W., 540; Schultz v. Herndon, 32 Texas, 391; Burks v. Watson, 48 Texas, 114; Thompson v. Eanes, 32 Texas, 193; Altemus v. Asher, 74 S. W., 245.

The finding that the former judgment of the court "foreclosed the mortgage upon the property described in plaintiff's mortgage" is not only not supported by the competent evidence, but is in contradiction of all the evidence properly before the court upon this question. Gilbert v. Cooper, 43 Texas Civ. App., 328; Eck v. Warner, 25 Texas Civ. App., 338; Jordon v. Brown, 15 Texas Ct. Rep., 929, 94 S. W., 399, and authorities cited in the above cases.

. Mr. Justice Brown delivered the opinion of the court.

The plaintiff in error, hereafter styled the company, instituted this suit in the District Court of Montgomery County to recover of S. W. Perkins on four promissory notes secured by mortgage given upon certain machinery, which the petition describes as follows:

"One No. 4 medium rusher unmounted lefthand sawmill.

One 3-saw Port Huron edger.

One 56-inch solid tooth saw.

One 60-ft. 12-inch 5-ply endless canvass drive belt.

One 50-ft. 7-inch 4-ply cut canvass belt.

One 58-inch solid tooth saw.

One black Percheron stallion, 5 yrs. old, named "Negro." Weight 1900 lbs. (Full-blood, registered, imported horse.)"

The petition alleged: "All of the above property is shown by the copy of the chattel mortgage on file in this suit and made a part of this petition and marked 'Exhibit A.' A copy of the mortgage attached and marked 'Exhibit A' described the property as follows:

"Also one Port Huron 26 horsepower steam traction engine complete No. ——, with hose and all fixtures and appendages, with or belonging to the same.

"Also one main drive belt.

Also one water tank mounted on trucks.

Also one No. 4 medium rusher unmounted lefthand sawmill.

One 3-saw Port Huron edger.

One 56-inch solid tooth saw.

One 60-ft. 12-inch 5-ply endless canvass drive belt.

One 50-ft. 7-inch 4-ply canvass belt.

One 58-inch solid tooth saw.

One black Percheron stallion, 5 yrs. old, named "Negro." Weight 1900 lbs. (Full-blood, registered, imported horse.)"

S. W. Perkins appeared and answered, acknowledging his indebtedness to the company and its right of foreclosure on the property named in the mortgage.

John C. McGregor, A. F. Vendordose and F. V. Grubbs were made

defendants, it being charged that they were in possession of the property. Vendordose and Grubbs disclaimed any interest in the property, except that they were holding under a rental contract with McGregor, who claimed the property by right of purchase from Perkins. McGregor made defense in the case which was tried before the judge without a jury, and after a full hearing the judge entered judgment in favor of the company against Perkins for the amount of the notes sued on with interest and attorney's fees, and against McGregor and the other defendants, foreclosing the lien of the mortgage upon the property described. The judgment as entered described the property as it was set out in the body of the petition.

After the court adjourned plaintiff called upon the clerk to issue an order of sale upon the judgment, including the property as described in the "Exhibit A" attached to the petition, which the clerk refused to do, and thereupon the company instituted this suit for the purpose of correcting the said judgment, making the defendants in the said judgment parties thereto—the action was defended by McGregor. It was alleged in the petition that the court had actually given judgment for the foreclosure of the mortgage upon the property as described in the mortgage, but that the attorney of the company in drawing the decree to be entered by the clerk by mistake omitted a part of the articles mentioned in the mortgage.

The trial of this case was had before the judge without a jury, it being the same judge that tried the case in the first instance, and, upon a hearing of the parties, the court adjudged that the entry of the former judgment be corrected so as to foreclose the lien of the mortgage upon the property described in the "Exhibit A" attached to the petition, and it was so entered. McGregor appealed to the Court of Civil Appeals, which reversed the judgment of the trial court and rendered judgment for McGregor, denying the correction sought.

The trial judge made and filed the following conclusions of fact:

"5. Upon the original hearing herein, on the 16th day of January, A. D. 1908, the court overruled the exceptions of the defendant McGregor to plaintiff's petition and gave judgment for the plaintiff for the notes sued for, interest and attorney's fees, and for a foreclosure of its mortgage lien on the property described in plaintiff's mortgage which was attached to and made a part of plaintiff's original petition filed in this court on the 30th day of December, A. D. 1907, as above stated.

"6. The entry made by the court on his docket after a full hearing of the pleadings, evidence and argument of counsel on the said 16th day of January, A. D. 1908, was as follows, to wit: 'January 16, 1908. Parties ready for trial. Defendant McGregor's exceptions to plaintiff's petition overruled, to which defendant McGregor excepts. This cause was heard and judgment rendered for plaintiff for amount of notes sued on, principal and interest, and ten percent on amount recovered as attorney's fees, and foreclosure of the mortgage lien on the property described, to which judgment defendant McGregor excepts.'

"7. The court in said judgment of foreclosure, as actually ren-

dered by the court, intended to foreclose and did in fact foreclose plaintiff's mortgage lien on the Port Huron 26-horsepower steam traction engine complete, with belts and all fixtures and appendages belonging to the same and the water tank mounted on trucks—the said engine and water tank being specifically described in the mortgage which was made a part of plaintiff's original petition and offered in evidence by the plaintiff on the said 16th day of January, A. D. 1908."

The Court of Civil Appeals held that the plaintiff's petition was not sufficient to authorize a judgment foreclosing the lien upon the articles enumerated in the mortgage and attached to the petition as "Exhibit A," which were omitted from the petition.   In this we think the Honorable Court of Civil Appeals committed error.   It is true that an exhibit can not be used for the purpose of setting out the cause of action upon which the plaintiff seeks to recover, but it is not correct to say that it can not aid the allegations of the petition so as to make certain that which otherwise would be indefinite in the petition.   Burks v. Watson, 48 Texas, 107; Texas & St. Louis Ry. Co. v. Ross, 62 Texas, 447; Milliken v. Callahan County, 69 Texas, 205.   In the first case cited above the court said:

"The petition does not undertake to set out the terms of this agreement, but to state the real facts relating to the sale of the land, and makes an exhibit of the agreement and conveyance, as consistent with and in explanation of them.

"In this mode of pleading the exhibits may perform a very important office; for the use and purpose of an exhibit is to set forth in detail that which is alleged in more general terms, or to embody in the record such facts as will, in legal effect, amount to the facts as alleged in the petition, or to aid the allegations of a petition in fixing more accurately and more definitely their import, but not to supply entirely the omission of allegations necessary to present a good cause of action.

"An exhibit to the petition, therefore, may be said to be made in aid of or in elucidation of allegations; but it does not, by itself, constitute allegations upon which issues may be formed irrespective of the allegations made in relation to it."

The first case is approved in the others and neither has been overruled.   In this case the allegations were sufficient to show a cause of action, the only defect in the petition being that it did not set out all of the articles embraced in the mortgage.   For this purpose the "Exhibit A" was properly considered by the trial court as a part of the petition.   In the last case cited above the bond sued upon was made an exhibit to the petition which contained the allegation that each and all of the defendants bound themselves, but the name of one was omitted from the body of the petition.   This court held the petition to be good, saying:

"The allegation then is that all and each of said defendants bound themselves, etc.   The bond itself is made an exhibit to the petition, and must therefore be taken in aid and explanation of its allegations.   The name of Cutbirth appears to the bond with the other defendants, clearly showing that by the 'said defendants,' who were

bound by the instrument, was meant all of those who were sued, including Cutbirth. This is the proper office of an exhibit as is declared by the rules and decisions of this court."

It is unnecessary to decide whether at a succeeding term of a court the judge may correct the record of a judgment entered during a former term from his recollection only, for in this case the entry made by the judge on his docket as copied above very distinctly shows that the lien of the mortgage was foreclosed upon the property described. This could have referred to no other description except that which was contained in the petition, including the "Exhibit A," and was equivalent to saying that the foreclosure was had upon the property described in the mortgage. We are of opinion that the Honorable Court of Civil Appeals erred in holding that the court had no authority in the stated facts of this case to correct its former judgment and to enter a judgment upon its records conforming to the judgment actually pronounced by the judge. The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*