**SOUTH TEXAS TIRE TEST FLEET, INC., Appellant,**

**v.**

**Fred L. LONG, Appellee.**

**No. 16357.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 28, 1979.

J. Tullos Wells, Manitzas, Harris & Padgett, Inc., San Antonio, for appellant.

Howard H. Hasting, Hasting & Hasting, San Antonio, for appellee.

CADENA, Chief Justice.

The appeal is dismissed for lack of an appealable judgment.

Plaintiff, Fred L. Long, filed this suit in the form of a petition for declaratory judgment seeking a declaration that a covenant prohibiting him from competing with defendant, South Texas Tire Test Fleet, Inc., had expired by its own terms, and was no longer an impediment to plaintiff's plans to establish a business in competition with defendant, plaintiff's former employer.

In addition to a general denial, defendant filed a counterclaim seeking (1) a temporary and permanent injunction restraining plaintiff from competing with defendant, and (2) seeking recovery of damages by reason of an alleged breach by defendant of a contract other than the covenant not to compete.

Plaintiff filed a motion for summary judgment declaring that the covenant not to compete had expired by its own terms and was no longer effective in prohibiting plaintiff from competing with defendant. Defendant filed a motion for summary judgment limited to a prayer for judgment denying plaintiff relief.

A hearing was held on April 23, 1979, at the conclusion of which the trial court took the case under advisement and asked the parties to submit briefs. On June 4, 1979, the trial court signed a judgment reciting that: (1) the cause "came on the regular docket for hearing" on June 4, 1979; (2) plaintiff and his attorney appeared, but the defendant "appeared not and made default"; (3) plaintiff and defendant appeared in open court on April 23, 1979, and "submitted their respective motions for summary judgment on written briefs"; (4) there being no issue of material fact, plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied; and (5) defendant's "counterclaim and application for temporary injunction as well as any and all other claims and motions filed by the defendant are dismissed, so that this judgment is a final judgment."

Defendant filed its appeal bond on July 2, 1979, and on the next day requested the district clerk to prepare a transcript. This Court granted defendant's request for extension of time to file the transcript until October 31, 1979, and the transcript was filed in this Court on October 30, 1979.

Meanwhile, the trial court signed an order, dated October 17, 1979, designated "Order Granting Defendant's Motion for Judgment Nunc pro Tunc." This order recited: (1) Defendant's motion for judgment nunc pro tunc "to correct clerical errors in [the judgment entered] on June 4, 1979," was heard on September 25, 1979. (2) The court, after considering the motion, "the testimony of counsel, the documents on file . . . and the Court's personal recollection of the decision actually rendered" on June 4, 1979, "determined that the [June 4, 1979, judgment], through clerical error, incorrectly states that 'the defendant appeared not and made default' and that 'defendant's counterclaim and application for temporary injunction as well as any and all other claims and motions filed by the Defendant are dismissed.'" (3) The motion for judgment nunc pro tunc is granted and the "Court on this date is entering a judgment which correctly reflects the judgment rendered by the Court and deleting therefrom the following statements entered through clerical error, to-wit: 'the defendant appeared not and made default' and 'defendant's counterclaim and application for temporary injunction as well as any and all other claims and motions filed by defendant are dismissed.'"

On October 17, 1979, the trial court signed the corrected judgment, which contains no recital of defendant's nonappearance and default, and omits the recitals concerning the dismissal of defendant's counterclaim.

It is well settled that a court's power to correct its judgment after such judgment has become final is limited to the correction of clerical, as distinguished from judicial, errors. Under this rule, as applicable to this case, the trial court's power to correct judicial errors in the judgment of June 4, 1979, terminated 30 days after the date of rendition. Tex.R.Civ.P. 329b(5). The order dated October 17, 1979, correcting errors contained in the prior judgment, therefore, is valid only if the errors corrected can be considered clerical errors.

The rule limiting the power of the court to correct judgments which have become final is a simple one, but its application can be difficult because of the difficulty in distinguishing between "clerical" errors and "judicial" errors. However, there can be no doubt that every court has the inherent power to make certain that its records correctly reflect the court's actions. 4 R. McDonald, Texas Civil Practice § 17.08.1, p. 59–60 (rev. 1971).

In *Zamora v. Salinas*, 422 S.W.2d 249 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.), the judgment entered of record reflected that the court had entered a judgment of "dismissal with prejudice." The record before the appellate court established that the trial court had actually rendered a judgment of "dismissal without prejudice." The Court of Civil Appeals held that since the written judgment signed by the trial judge and entered of record did not correctly reflect the judgment actually rendered by the trial court the error was "clerical" rather than "judicial." *See O'Neil v. Norton*, 33 S.W.2d 733 (Tex. Comm'n App.1931).

If the judgment entered does not correspond with the judgment rendered, the error is a clerical error irrespective of whether it was made by the judge, the attorney who prepared the judgment or the clerk. In the case before us the trial court expressly found that the judgment entered of record "incorrectly states" that the judgment actually rendered included a dismissal of defendant's counterclaim.

We do not have before us the record of the testimony which formed the basis, along with the court's personal recollection of the judgment he had actually rendered on June 4, 1979, for the trial court's conclusion that the judgment entered did not correspond with the judgment actually rendered. According to the record before us, the trial court's conclusion that the judgment dated June 4, 1979, insofar as it recites a dismissal of defendant's counterclaim, does not reflect the judgment rendered, must be accepted as true. Since the record affirmatively reflects that the trial court at no time rendered judgment dismissing defendant's counterclaim, the judgment actually rendered does not dispose of all issues in the case and must be classified, for purposes of appeal, as an unappealable interlocutory judgment. Because of the affirmative showing that no disposition was in fact made of such counterclaim, we cannot indulge the presumption, applied in *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), that a judgment which is not intrinsically interlocutory in character on its face disposes of all issues made by the pleadings.

The appeal is dismissed.