**PETROLEUM EQUIPMENT FINANCIAL CORPORATION, Donald L. Bauer and Robert L. Wenz, Appellants,**

v.

**The FIRST NATIONAL BANK OF FORT WORTH, Appellee.**

No. 18610.

Court of Appeals of Texas, Fort Worth.

Sept. 30, 1981.

Rehearing Denied Oct. 21, 1981.

John R. Lively, Fort Worth, McGinnis, Lochridge & Kilgore and David L. Orr, Austin, for appellants.

Cantey, Hanger, Gooch, Munn & Collins and Evelyn R. Leopold, Fort Worth, for appellee.

## OPINION

RICHARD L. BROWN, Justice.

Petroleum Equipment Financial Corporation (PEFCO) executed a note to The First National Bank of Fort Worth (Bank) for $421,000.00 in May of 1979. Donald Bauer (Bauer) and Robert Wenz (Wenz) were guarantors of the note. The principal and interest were to be paid in monthly installments. After paying $53,731.48 PEFCO defaulted. Bank instituted action in district court to recover from PEFCO, Bauer and Wenz $367,268.52 as principal plus interest due and owing on the note. On January 9, 1981 Bank's motion for summary judgment was granted. On the same day the trial judge made the following initialled entry on his docket sheet: "Plaintiff's motion for summary judgment granted." The judgment was prepared by Bank's counsel and signed by the trial judge on February 10, 1981. Due to an error by Bank's counsel in preparing the judgment, the amount of principal was omitted from the judgment. As a result, the signed judgment stated that Bank be awarded $16,631.50 representing principal and interest. On April 2, 1981 Bank filed a motion for correction of judgment, pursuant to Tex.R.Civ.P. 317. A hearing was held on the motion on April 9, 1981. On May 5, 1981 the trial court signed an order granting Bank's motion decreeing that it recover the principal sum of $367,-268.52 plus interest in the amount of $16,-631.50. PEFCO, Bauer and Wenz appealed.

We affirm.

Appellants assert three points of error. First, appellants assert that the trial court erred in entering the judgment of May 5, 1981 because the judgment of February 10, 1981 had become final and the error alleged to have occurred was not clerical, but judicial, which was not correctable by entry of judgment *nunc pro tunc.* The second and third points of error urge that there was no evidence, or alternatively, insufficient evidence to support the conclusion that the error in the judgment of February 10 was clerical. We overrule all three points of error.

■ First, we focus our attention on appellants' initial point of error. The courts of this state have repeatedly held that after a judgment has become final a *nunc pro tunc* judgment is available to correct only clerical errors, not judicial errors in the court's judgment. *Comet Aluminum Company v. Dibrell,* 450 S.W.2d 56 (Tex.1970); *Finlay v. Jones,* 435 S.W.2d 136 (Tex.1968).

Clerical errors occur in the entry of the court's judgment, while judicial errors are committed in the rendition of judgment. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912). The critical issue therefore, is when the judgment of the trial court was rendered. The Supreme Court of this state has held that: "rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded." *Coleman v. Zapp, supra* 151 S.W. at 1041.

■ Application of this well settled test to the facts of this case indicates that the matters in issue between the parties had been settled when the trial court granted Bank's motion for summary judgment on January 9, 1981. The trial court's deliberative processes were completed on that date. The signing of the incorrect judgment on February 10, by the trial judge, involved no judicial reasoning. It merely sought to reflect correctly the judgment that had been previously rendered. When the judgment signed by the judge does not correspond to the judgment rendered, "the error is a clerical error irrespective of whether it was made by the judge, the attorney who prepared the judgment or the clerk." *South Texas Tire Test Fleet, Inc. v. Long*, 594 S.W.2d 540, 542 (Tex.Civ.App.—San Antonio 1979, no writ). Accordingly, the omission of the principal from the prepared judgment for Bank was a clerical error.

■ Once a clerical error in the judgment has been discovered the trial court has the inherent power to correct the judgment, so that it accurately reflects the judgment rendered. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); *Coleman v. Zapp, supra*. The court should make the correction if the records of the case contain any instruments that the trial judge could consult safely to correct the error. Tex.R.Civ.P. 317. In this case, an affidavit was submitted to the court prior to the summary judgment hearing. The affidavit was made by the senior vice-president of the appellee stating the current status of the principal and interest due and owing on the note. According to the affidavit appellants owed principal of $367,268.52 and interest of $16,631.50. This affidavit was an instrument in the record that the judge could consult safely to ascertain the amount of principal and interest.

■ Another tool that the judge has at his disposal to correct the judgment is his docket notations. *Port Huron Engine & Thrasher Co. v. McGregor*, 103 Tex. 529, 131 S.W. 398 (1910); *Bockemehl v. Bockemehl*, 604 S.W.2d 466 (Tex.Civ.App.—Dallas 1980, no writ). The docket notation in this case stated that summary judgment was granted for plaintiff on January 9, 1981. The granting of the summary judgment in this case constituted the rendition of judgment by the trial court. The docket entry is a part of the court record and need not have been entered into evidence to be considered either by the trial court or the appellate court.

■ In correcting a previously rendered judgment by a written order *nunc pro tunc* the judge may also rely on his personal recollection of the judgment he rendered. A presumption arises that this recollection supports the finding of clerical error. *Fort Worth & D. C. Ry. Co. v. Roberts*, 98 Tex. 42, 81 S.W. 25 (1904); *Wood v. Paulus*, 524 S.W.2d 749 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Bockemehl v. Bockemehl, supra*.

■ Based on the trial court's docket sheet, the affidavit on record, and the judge's recollection, the clerical error of February 10 could be safely corrected as mandated by Rule 317, by the *nunc pro tunc* decree of May 5, 1981.

Turning now to the appellants' second and third points of error, we find that there was clear and convincing evidence to support the conclusion that clerical error had been made in the entry of the February 10 judgment. No other explanation is tenable for the disparity of the relief requested on Bank's motion for summary judgment, which was granted, and the entry of judgment on February 10.

HUGHES, JORDAN and BROWN, JJ., concur.