**Benton PRUET d/b/a P & R Trading, Appellant,**

v.

**COASTAL STATES TRADING, INC., Appellee.**

No. 01–85–01005–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 26, 1986.

Rehearing Denied Aug. 28, 1986.

Robert Bailey, Brill & Brooks, Houston, for appellant.

Richard L. Anderson, Don C. Nelson, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a judgment nunc pro tunc.

On October 1, 1984, appellee filed a sworn account suit against appellant based upon two separate claims for monies due. Paragraph I of the petition asserted a claim for $19,118.14; Paragraph II asserted a claim for $3,338.70. Appellant filed an answer, which did not comply with Tex.R. Civ.P. 185 and 93(10).

On February 27, 1985, appellee filed its motion for summary judgment requesting judgment for the $19,118.14 claim only. The motion made no mention of or reference to the $3,338.70 claim originally sought in appellee's petition.

On April 1, the court granted appellee's motion for summary judgment and on April 9, the court signed the judgment. The judgment gave appellee relief only with respect to its claim for $19,118.14.

After entry of the summary judgment, appellant filed his amended original answer

and counterclaim, urging (1) that he had paid the $3,338.70 claim in full, and (2) that he was entitled to an offset in full against the $19,118.14 claim.

On December 12, appellee filed a motion to correct the judgment to show that on April 1, appellee had taken a nonsuit as to the $3,338.70 claim before the court considered the motion for summary judgment. The judgment nunc pro tunc reflecting such nonsuit was signed on December 17. It is from the judgment nunc pro tunc that appellant appeals.

Appellant presents three points of error, and appellee presents three cross-points. We first address appellant's third point of error, which contends that the trial court erred in rendering the April 9 summary judgment because appellee failed to establish its right thereto as a matter of law.

Tex.R.Civ.P. 329b(h), as amended effective April 1, 1984, provides:

> If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed, but if a correction is made pursuant to Rules 316 or 317 after expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment.

■ By this rule, if the trial court timely exercises its plenary power and modifies its judgment in any respect, the time for appeal runs from the time the modified judgment is signed. *Garza v. Serrato*, 671 S.W.2d 713, 714 (Tex.App.—San Antonio 1984, no writ). However, if the court corrects its judgment pursuant to Rules 316 and 317, which authorize the correction of mistakes by way of a judgment nunc pro tunc after the expiration of the court's plenary power, then the court of appeals has no authority to hear any complaint that could have been presented in an appeal from the original judgment.

■ In our case, the appellant's allegation of error in his third point pertains only to matters in the original judgment signed on April 9, 1985; therefore, we have no authority to hear such complaint. Appellant's third point of error is overruled.

■ In his first and second points of error, appellant contends that there is no evidence, or alternatively, insufficient evidence to support the December 17 judgment nunc pro tunc. Appellee responds in its third cross-point that appellant has waived his right to challenge the sufficiency of the evidence because appellant failed to request findings of fact and conclusions of law. Appellee's contention is without merit because it assumes that where findings of fact and conclusions of law are not requested or filed, the movant has lost his right to challenge the sufficiency of the evidence. The law is well settled that when findings of fact and conclusions of law are not requested or filed, this Court must affirm the judgment if it can be sustained on any reasonable theory supported by the evidence and authorized by law. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex. 1977); *Popkowsi v. Gramza*, 671 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no writ). Appellee's third cross-point is overruled.

We return to appellant's contentions in his first and second points of error that there is no evidence or insufficient evidence to support the December 17 judgment nunc pro tunc. Specifically, appellant contends that the evidence does not establish that appellee took a nonsuit of its $3,338.70 claim on April 1, before the court's hearing on the appellee's motion for summary judgment. He asserts that the effect of such nonsuit is to preclude him from prosecuting his counterclaim filed subsequent to the signing of the April 9 summary judgment.

■ It is well-settled that a judge has complete power to make judicial changes in his judgment upon his own motion until the judgment becomes final upon expiration of the periods prescribed by Tex.R.Civ.P. 329b. *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 128 (Tex.App.—Corpus Christi 1984, no writ). However, once the judgment becomes final, the court's powers to correct are limited to the correc-

tion of clerical errors only, which may be corrected by a judgment nunc pro tunc. Tex.R.Civ.P. 316 and 317; *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970); *Wood v. Griffin & Brand of McAllen,* 671 S.W.2d at 128; *Petroleum Equipment Financial Corp. v. First National Bank,* 622 S.W.2d 152, 153 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.). To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex. 1986); *Wood v. Griffin & Brand of McAllen,* 671 S.W.2d at 128.

▪ Once a clerical error is discovered, the court has the inherent power to correct the judgment so that it accurately reflects the judgment rendered. *Id.* The procedure for correcting clerical errors is set out in Tex.R.Civ.P. 316. An application for entry of a judgment nunc pro tunc requires the trial court to determine what the facts were at the time the original judgment was rendered. *Davis v. Davis,* 647 S.W.2d 781, 783 (Tex.App.—Austin 1983, no writ). A judgment nunc pro tunc should be granted if the evidence is clear and convincing that a clerical error was made. *Id.* Evidence may be in the form of oral testimony of witnesses, written documents, the court's docket, and the judge's personal recollection. *Petroleum Equipment Financial Corp. v. First National Bank,* 622 S.W.2d at 154; *Perry v. Perry,* 122 S.W.2d 726 (Tex.Civ.App.—El Paso 1938, no writ).

In the instant case, there is no record of the hearing on appellee's application for judgment nunc pro tunc. Additionally, no written instrument in the record or docket entry by the court evidences that the judgment rendered included appellee's nonsuit of the $3,338.70 claim taken prior to the hearing on appellee's motion for summary judgment. However, a trial judge may rely upon his personal recollection of the facts at the time the original judgment was rendered, and if he corrects the judgment nunc pro tunc, a presumption arises that his personal recollection supports the find-

ing of clerical error. *Davis v. Davis,* 647 S.W.2d at 783; *Petroleum Equipment Financial Corp. v. First National Bank,* 622 S.W.2d at 154.

In our case, while there is no record of the hearing on the motion for judgment nunc pro tunc, the judgment nunc pro tunc recites the basis upon which it was granted:

at the hearing held April 1, 1985, but prior to consideration of Plaintiff's Motion for Summary Judgment, Plaintiff, by and through its counsel of record, orally moved in open court to take a non-suit as to Count II of its Original Petition. Thsi [sic] Court granted the motion to non-suit as to Count II.

The judgment further recites that it was entered "so that the record accurately reflect the fact that Plaintiff's cause of action relating to Count II was non-suited prior to entry of the previous judgment."

▪ We conclude that the recitations contained in the nunc pro tunc judgment provide sufficient evidence that the court relied upon its recollection of the facts at the time the original judgment was rendered. Such recollection raises the presumption of the court's finding that clerical error had occurred in the entry of the April 9 judgment, and that the nunc pro tunc judgment correctly reflects the judgment rendered. Appellant's first and second points of error are overruled.

Appellee further contends in its first and second cross-points that (1) this Court is without jurisdiction to hear appellant's appeal because such appeal was not timely perfected, and (2) appellant has abandoned his appeal by failing to file a brief of the issue appealed.

The original judgment was signed April 9, 1985. Subsequently, appellee filed post-judgment discovery, to which appellant responded by filing a motion for protective order, which was denied on October 31. Appellant then filed his appeal bond on November 27, which recites that appellant is appealing from the October 31 order. Appellant filed the transcript with this

Court on December 10, and on December 17, the trial court signed the judgment nunc pro tunc. On April 11, 1986, appellee filed its Motion to Dismiss Appeal, which was denied.

Tex.R.Civ.P. 306c provides for the disposition of prematurely-filed documents:

> No motion for new trial, request for findings of fact and conclusions of law, appeal bond or affidavit in lieu thereof, notice of appeal, or notice of limitation of appeal shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment the motion assails, and every such request for findings of fact and conclusions of law and every such appeal bond or affidavit or notice of appeal or notice of limitation of appeal shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment or the date of the overruling of motion for new trial, if such a motion is filed.

Tex.R.Civ.P. 306a, sec. 6, provides that when a judgment nunc pro tunc is signed, the time for filing of the appeal bond "shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original judgment."

■ Although appellant did not file an appeal bond after the December 17 judgment nunc pro tunc, we hold that his filing of the appeal bond on November 27 constitutes a premature appeal as authorized by Rule 306c. *See Yoast v. Yoast,* 649 S.W.2d 289 (Tex.1983); *Reintsma v. Greater Austin Apartment Maintenance,* 549 S.W.2d 434, 436 (Tex.Civ.App.—Austin 1977, writ dism'd). Consequently, pursuant to Rules 306c and 306a, sec. 6, the time for filing appellant's appeal of the matter alleged in its first and second points of error commenced with the December 17 judgment nunc pro tunc.

■ We note that appellee's Motion to Dismiss Appeal was not filed until 122 days after the transcript was filed with this Court. Tex.R.Civ.P. 404 requires a complaint to point out any defect of form or substance within 30 days after the filing of the transcript or the defect is waived. *Simon v. L.D. Brinkman & Co.,* 459 S.W.2d 190, 194 (Tex.1970). If appellee had timely requested dismissal of this appeal due to the defective form or substance of the appeal bond, Tex.R.Civ.P. 363a would have permitted this Court to allow the filing of a new bond to cure the defect. Rule 363a incorporates former Rule 430 with some revisions. In construing Rule 430, the Texas Supreme Court has stated:

> This rule is liberally construed and applied to carry out its intended purpose. If the appellant files any sort of instrument that is intended to be a bond and to invoke appellate jurisdiction, the instrument may, on timely request, be amended to cure any defect of either form or substance.

*Woods Exploration and Producing Co., Inc. v. Arkla Equipment Co.,* 528 S.W.2d 568, 570 (Tex.1975). Because appellee failed to point out timely the defect in the appeal bond, the defect is waived. Appellee's first cross-point is overruled.

Additionally, because the prematurely-filed appeal bond is applicable to the December 17 judgment, we find no merit to appellee's second cross-point, contending that appellant has failed to file a brief on the issue appealed. Appellee's second cross-point is overruled.

The judgment of the trial court is affirmed.