Robert H. MULLINS, Relator,

v.

Robert L. WRIGHT, Presiding Judge of the 325th Judicial District Court of Tarrant County, Texas and Ruthie M. Mullins, Respondents.

No. 2–89–114–CV.

Court of Appeals of Texas, Fort Worth.

June 29, 1989.

Kenneth N. Price, Azle, for relator.

Robert D. Hoover and Ellen S. Smith, Fort Worth, for respondents.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## ORIGINAL PROCEEDING

FARRIS, Judge.

Relator, Robert H. Mullins, requests a writ of prohibition from this court to prevent respondent Ruthie M. Mullins from taking further action in divorce case No. 325-120361 and prohibiting respondent Robert L. Wright, Judge of the 325th District Court of Tarrant County, Texas, from holding further proceedings in the case while it is pending on appeal.

After a final divorce decree was entered and an appeal perfected to this court, respondent Mullins' motion for relief pending appeal (temporary spousal support) was granted over relator's objection. He asserts that the trial court was without jurisdiction to consider her motion because it was not filed within thirty days of the perfection of the appeal to this court. *See* TEX.FAM. CODE ANN. sec. 3.58(h) (Vernon Supp.1989). Respondent Mullins contends that her motion was timely filed because it was filed eight days after the trial court entered its nunc pro tunc judgment.

The relevant dates are as follows. The original divorce decree was entered on November 9, 1988, and relator perfected his appeal to this court on January 3, 1989. On March 16, 1989, respondent Mullins filed a motion for judgment nunc pro tunc to correct misnomers as to the parties' designations, which was signed by the court on April 20, 1989. Eight days later she filed her motion for relief pending appeal and an order granting the interim support was granted on May 23, 1989.

Relator contends that the trial court was without jurisdiction to consider respondent Mullins' motion for relief because it was filed 115 days after his appeal was perfected. Respondent Mullins contends that her right to appeal extended thirty days from the entry of the nunc pro tunc order and was therefore timely. All case authority cited in her brief, however, construes the applicable rule prior to its 1984 amendment. TEX.R.CIV.P. 306b, provided:

> When a judgment or order is entered nunc pro tunc, the right of appeal shall date from the date or rendition of the nunc pro tunc judgment or order, which shall be deemed to be the date upon which the trial judge signed the nunc pro tunc judgment or order if the date is shown therein; and the periods within which the various steps in such an appeal are to be taken shall be computed from that date.

TEX.R.CIV.P. 306b (Vernon Supp.1983). Rule 306a(6) replaced the repealed Rule 306b and provides:

> When a corrected judgment has been signed after expiration of the court's plenary power pursuant to Rule 316, the periods mentioned in paragraph (1) of this rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original document.

The explanatory comment to the paragraph states:

> Paragraph 6, with respect to nunc pro tunc orders, comes from former Rule 306b and makes clear that paragraphs 1 and 4 of this Rule 306a do not revive the court's expired plenary power with respect to complaints that could have been made to the original judgment.

TEX.R.CIV.P. 306a(6) (West 1988 Pamp Supp.).

We hold that the trial court was without authority to hear respondent's motion because it could have been presented within thirty days of the original judgment. *See Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 706 (Tex.App.—Houston [1st Dist.] 1986, no writ).

The relief prayed for by relator is hereby granted and the writ of prohibition is conditionally granted. We assume that Judge

Wright will recognize the invalidity of the order granting temporary spousal support as herein determined and will refrain from holding further proceedings in this case while it is pending on appeal. The writ will issue only in the event he should fail to do so.