In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01130-CV






WARREN P. CANADY, Appellant


V.


L. MOORE, Appellee






On Appeal from the 278th District Court

Walker County, Texas

Trial Court Cause No. 20,665C






O P I N I O N

 On January 18, 2001, this Court issued an order stating that "although this
appeared to be an appeal from a judgment signed on August 14, 2000, the clerk's
record did not contain a signed order disposing of the case below." The order
directed the district clerk to file a supplemental clerk's record containing a signed
copy of the order or judgment finally disposing of the case, as well as a copy of any
postjudgment motions.

 The district clerk responded by filing a statement with this Court as follows:

 The attached civil docket sheet indicates on 9/29/00 Judge Jerry Sandel
barred plaintiff from litigation.


 On receiving the [appellate] court's order dated 1/18/01 the district clerk
asked Judge Sandel if there should be an order. On 1/19/01 the judge
wrote on the docket sheet - clerk is ordered to close file.


 With exceptions not relevant here, an appeal may only be prosecuted from a
final judgment. N.E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). 
The record in this case does not contain a signed copy of an order or judgment finally
disposing of the case. Instead, the record contains a docket entry stating that 
appellant "is barred from further litigation" and the "clerk is ordered to close file." 
 An appellate court may not consider docket entries because they are only made
for the court's convenience and are usually unreliable. (1) State Farm Fire & Cas. Co.
v. Reed, 826 S.W.2d 659, 661 (Tex. App.--Houston [14th Dist.] 1992), aff'd, 873
S.W.2d 698 (Tex. 1993). We do not accept the trial court's docket entry as a final
judgment; therefore, we dismiss the appeal for lack of jurisdiction. Tex. R. App. P.
42.3(a).

 We note that a petition for writ of mandamus may be the appropriate vehicle
for appellant to compel the trial court to proceed to a final judgment. See Harris
County Appraisal Dist. v. Johnson, 889 S.W.2d 531, 533-34 (Tex. App.--Houston
[14th Dist.] 1994, orig. proceeding). 

Conclusion

 This appeal is dismissed for lack of jurisdiction. Tex. R. App. P. 42.3(a).



 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.4.
1. Docket entries may be considered in certain situations, none of which exist in
the present case. See Escobar v. Escobar, 711 S.W.2d 230, 232 (Tex. 1986)
(to determine whether court had authority to render judgment nunc pro tunc);
Buffalo Bag Co. v. Joachim, 704 S.W.2d 482, 484 (Tex. App.--Houston [14th
Dist.] 1986, writ ref'd n.r.e.) (to determine whether motion for new trial lost by
clerk was filed); Pruet v. Coastal States Trading, Inc., 715 S.W.2d 702, 705
(Tex. App.--Houston [1st Dist.] 1986, no writ) (to determine clerical error in
nunc pro tunc proceeding).