In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00494-CV


____________________



9MM TAURUS MODEL PT 111 HANDGUN SERIAL NO. TTD 96410,


.45 CAL FIRESTAR HANDGUN SERIAL NO. 2168970, 


SAVAGE MODEL 110-270 SERIAL NO. F723621, and


HI POINT MODEL 995 SERIAL NO. B8145087 (Chad Davis), Appellants



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. CV10,907






MEMORANDUM OPINION


 In a forfeiture proceeding, the trial court signed an order granting the State's motion
for non-suit and subsequently signed a judgment. Chad Davis filed a notice of appeal too late
to perfect an appeal from the judgment dated July 31, 2008, and we dismissed the appeal. 
See 9MM Taurus Model PT 111 Handgun Serial No. TTD 96410 v. State, No. 09-08-00526-CV, 2009 WL 89272 (Tex. App.--Beaumont Jan. 15, 2009, no pet.) (mem. op.). After our
mandate issued, Davis filed a notice of appeal "from the Order denying Defendants Court
Ordered Appearance, signed September 21, 2009." We questioned our jurisdiction, and
Davis filed a response.

 Davis contends that he filed a motion for attorney's fees on September 2, 2008, after
the trial court signed the order that non-suited the case and required each party to bear its
own costs. Davis contends that the trial court subsequently signed an order nunc pro tunc
that stated the dismissal was without prejudice. See In re Davis, No. 09-09-00374-CV, 2009
WL 2750092 (Tex. App.--Beaumont Aug. 31, 2009, orig. proceeding) (mem. op.). Because
the order nunc pro tunc was signed after Davis filed his motion for attorney's fees, Davis
argues that his motion for attorney's fees was an outstanding claim for relief that the trial
court effectively denied on September 21, 2009, when the trial court denied Davis's motion
for a hearing on the motion for attorney's fees that Davis had filed the previous year.

 When the trial court signs a corrected judgment after expiration of the trial court's
plenary power, the period for changing or challenging the judgment run from the date of
signing the corrected judgment "with respect to any complaint that would not be applicable
to the original document." Tex. R. Civ. P. 306a(6). In this case, the order nunc pro tunc
corrected a clerical error on the earlier order granting the State's motion for non-suit, not the
later order on the Davis's motion for return of property. The judgment in Cause No.
CV10,907 ordered each party to bear his own costs and did not award attorney's fees. The
act of signing the order nunc pro tunc occurred after the trial court's plenary power over its
original judgment expired. The trial court's act of signing an order nunc pro tunc neither
revived its jurisdiction over the case nor caused the time for perfecting an appeal from the
original judgment to recommence. See Mullins v. Wright, 772 S.W.2d 580, 581 (Tex. App.--Fort Worth 1989, orig. proceeding) (signing judgment nunc pro tunc did not revive trial
court's jurisdiction to consider motion that could have been raised within thirty days of
original judgment).

 We lack jurisdiction over this attempted appeal. Accordingly, the appeal is dismissed.

 APPEAL DISMISSED.


 __________________________________

 CHARLES KREGER

 Justice


Opinion Delivered December 10, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.