In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00643-CV
_____

**JAMES ALLEN PELLOAT, Appellant**

**V.**

**KATHERINE PELLOAT MCKAY, Appellee**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-206,437**

**MEMORANDUM OPINION**

On May 15, 1987, James Allen Pelloat and Katherine Pelloat McKay were married. On June 19, 2009, Katherine filed for divorce. On April 25, 2011, the trial court signed a decree of divorce. On July 11, 2011, the trial court signed a judgment nunc pro tunc. On August 16, 2011, the trial court signed a first amended judgment nunc pro tunc. On August 17, 2011, the trial court signed a second amended judgment nunc pro tunc.

1

James filed a notice of appeal on November 9, 2011. On April 19, 2012, we abated James's appeal and remanded his case to the trial court for a Rule 306a evidentiary hearing to determine the date that James first received notice or acquired actual knowledge of a judgment. *See* Tex. R. Civ. P. 306a(5); *see also In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006); *John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001). Pursuant to our order, the trial court held an evidentiary hearing on April 20, 2012. The trial court found that James received notice from the district clerk on July 11, 2011, the date that a nunc pro tunc judgment had been signed by the trial court. In our order dated May 3, 2012, we found James's notice of appeal as to the judgments signed on April 25, 2011 and July 11, 2011, was not filed within the time for which this Court is authorized to grant an extension of time to perfect an appeal. *See* Tex. R. App. P. 26.3. However, we concluded that James did perfect his appeal from the judgments nunc pro tunc signed August 16, 2011 and amended on August 17, 2011, but only for complaints that would not apply to the original judgment. *See* Tex. R. App. P. 26.1(a).

A judgment nunc pro tunc may be made to correct a clerical error that was made in entering judgment, but may not be used to correct a judicial error in rendering judgment. *See* Tex. R. Civ. P. 316. A judgment nunc pro tunc does not disturb the initial judgment rendered by the trial court; it merely brings the court records into conformity with it. *Daniels v. Comm'n for Lawyer Discipline*, 142 S.W.3d 565, 572 (Tex. App.—Texarkana 2004, no pet.). A party may appeal from an order granting judgment nunc pro tunc,

2

provided he may only raise complaints that would not apply to the original judgment. *See* Tex. R. App. P. 4.3(b); *see Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 704 (Tex. App.—Houston [1st Dist.] 1986, no writ) (holding that if the trial court corrects mistakes by way of a judgment nunc pro tunc after expiration of plenary power, then the court of appeals has no authority to hear any complaint that could have been presented in appeal from the original judgment). *See also* Tex. R. Civ. P. 329(h).

In this case, the trial court entered three nunc pro tunc judgments to correct clerical errors in the transcription of the original divorce decree. By 29 issues, James challenges the trial court's judgment. To the extent that James attempts to raise issues that could have been presented in an appeal from the April 25, 2011 decree of divorce, or the July 11, 2011 judgment nunc pro tunc, his appeal is untimely. *See* Tex. R. Civ. P. 306a(6); Tex. R. App. P. 4.3(b); *Pruet*, 715 S.W.2d at 704. After a review of James's brief, we find that all 29 of James's issues concern matters that he could have presented in an appeal from the original judgment or the first judgment nunc pro tunc. James does not challenge any revision or correction unique to the judgment nunc pro tuncs signed on August 16, 2011 and August 17, 2011. Accordingly, we cannot consider these issues on appeal. *See* Tex. R. Civ. P. 329(h).[1]

We affirm the trial court's judgment.

---

[1] Our review of this case is limited and we have not considered the merits of the issues presented to us by appellant. Our decision does not prevent any aggrieved party from seeking relief by bill of review proceedings.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 26, 2012
Opinion Delivered November 29, 2012

Before McKeithen, C.J., Gaultney and Kreger, JJ.