Conan T. WOOD, Sr., Appellant,

v.

**GRIFFIN & BRAND OF McALLEN, et al., Appellees.**

No. 13–82–384–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1984.

Wm. W. Sommers, San Antonio, for appellant.

Neal King, King & Pena, Mission, for appellees.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an attempted appeal from a judgment nunc pro tunc rendered partially against appellants, Conan T. Wood, Sr.; Ella G. Wood; Conan T. Wood, Jr.; and the estate of A. Wayne Wood, on October 15, 1982. On our own motion, we raise the jurisdictional question that the appeal was not timely perfected as required by TEX.R. CIV.P. 356.

Appellants brought this suit for money damages for the alleged breach of covenants under a lease agreement, including the destruction of an irrigation pipeline. The lease was executed February 1, 1973 by appellant, Conan T. Wood, Sr., as lessor, to defendant, Louisiana Strawberry & Vegetable Distributing Company (La. Strawberry), as lessee.[1] Several years after La. Strawberry took possession of the lease property, the lease was assigned by La. Strawberry to appellee, Griffin & Brand of McAllen, Inc. Appellants also brought suit for recovery of possession of and to quiet title to Tract 45 of Los Ejidos de Reynosa subdivision, Hidalgo County, Texas, in the nature of a trespass to try title action. Appellants claimed additional relief, such as lost rents, an accounting for profits and punitive damages.

The present case was tried before the court without a jury. At the conclusion of the trial, no oral pronouncement of judgment was made by the Court. Rather, the trial judge reserved judgment from the bench and requested that arguments be submitted by the parties in written form within specified time periods. Accordingly, a written judgment was prepared and signed by the court on June 29, 1982. This written judgment awarded appellants (plaintiffs) the sum of $5,000.00, representing damages for breach of lease agreement and attorney's fees. Concerning the title dispute to Tract 45, the original judgment ordered that appellants (plaintiffs) recover from appellees (defendants) an undivided one-fourth (¼) interest in the land in controversy and that *"defendants"* take nothing as to the remaining three-fourths interest in Tract 45.

Appellants filed a timely Motion for New Trial which was overruled by operation of

---

1. The contract involved the lease of certain real property consisting of approximately 215 acres, situated in Hidalgo County, Texas.

law on September 12, 1982.[2] On September 22, 1982, appellees filed a Motion to Correct Judgment Nunc Pro Tunc. On October 15, 1982, appellees presented their motion for judgment nunc pro tunc to the court to correct the alleged *"clerical errors"* in the decretal portion of the original judgment which read:

"[a]nd that said *defendants* take nothing on their claim to the other three-fourths *and* interest in to said Tract 45."

to read:

"[a]nd that said *plaintiffs* take nothing on their claim to the other three-fourths interest in *and* to said Tract 45." (Emphasis added.)

After the hearing, the trial judge granted the motion and rendered a Judgment Nunc Pro Tunc on October 15, 1982, which stated only that it was "entered to correct clerical errors in the judgment heretofore entered." It is from that judgment that appellants seek relief on appeal.

In their first point of error, appellants contend that the trial court erred by attempting to correct a judicial error, not a clerical error, by the judgment nunc pro tunc. The essence of appellants' argument is that no evidence was offered at the hearing for motion for judgment nunc pro tunc, nor was any assertion made by counsel for appellees, that the original judgment as entered did not correctly reflect the judgment rendered by the trial court.

It has long been settled that judgment is *rendered* (emphasis added) when a trial court's decision is officially announced. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. *Coleman v. Zapp*, 151 S.W. 1040 (Tex.1912). It is also well settled that a court's power to correct its judgment after such judgment has become final is limited solely to the correction of clerical errors, as distinguished from judi-

cial errors. Clerical errors in the *entry* of the judgment may be subsequently corrected by judgment nunc pro tunc. Judicial errors in the *rendition* of the judgment may not be corrected by a nunc pro tunc proceeding. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970); *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); *Coleman v. Zapp*, 151 S.W. at 1041; see also TEX.R.CIV.P. 316, 317. Whether an error in an original judgment is judicial or clerical is a question of law, and a trial court's finding or conclusion as to the nature of an error is not binding on an appellate court. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402 (Tex.1971); *Finlay v. Jones*, 435 S.W.2d at 138.

Applying the above stated rules to the present case, the trial court's power to correct judicial errors in the judgment of June 29, 1982, terminated at the end of the term at which the judgment became final, i.e., after the expiration of thirty days from the date on which appellants' original motion for new trial was overruled by operation of law. TEX.R.CIV.P. 329b(e). The order dated October 15, 1982, attempting to correct errors contained in the prior judgment would be valid only if the errors corrected can be considered clerical errors, as a matter of law.

The rule limiting the power of the trial court to correct judgments which have become final is a simple one. However, its application can be difficult because of the difficulty in distinguishing between "clerical" errors and "judicial" errors. To be clerical in nature, it must be one which is not the result of judicial reasoning, evidence or determination. *Mogford v. Mogford*, 616 S.W.2d 936 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.); *Nolan v. Bettis*, 562 S.W.2d 520 (Tex.Civ.App.—Austin 1978, no writ). In order to establish that the error attempted to be corrected by the judgment nunc pro tunc was, in fact, a

---

**2.** Under TEX.R.CIV.P. 329b(c), the seventy-fifth day after the judgment was signed fell on September 12, 1982. Since that day was a Sunday, the motion for new trial did not expire by operation of law until the following day. TEX.R. CIV.P. 4.

clerical error, it must be clearly shown that the written judgment signed by the trial judge and entered of record did not correctly reflect the judgment actually rendered by the court. The critical issue, therefore, is when the judgment of the trial court was rendered, i.e., at what point did the trial court complete its deliberative processes and officially announce its judicial determination. *See Petroleum Equipment Financial Corp. v. First National Bank of Fort Worth,* 622 S.W.2d 152 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.).

▪ In the instant case, it is undisputed that judgment was not orally rendered or pronounced from the bench by the trial court. During oral arguments on appeal, appellants stated that the parties were "notified by letter"; presumably that the trial court had reached a decision in the case.[3] However, no letter evidencing any prior rendition of judgment by the trial court has been brought forward as part of the record on appeal. This is, therefore, a case where the judge's signing of the original written judgment constituted his rendition of judgment. *See Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973). In this instance particularly, a judgment nunc pro tunc can only be granted if there is evidence that is clear, satisfactory and convincing that a clerical error was made in the entry of the June 29, 1982 judgment. *See Davis v. Davis,* 647 S.W.2d 781 (Tex.App.—Austin 1983, no writ); *Perry v. Nueces County,* 549 S.W.2d 239 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The nunc pro tunc judgment is invalid if it purports to change and readjudicate or rewrite and change the terms of the judgment as rendered, i.e., the decretal portion of the judgment. *See Mathes v. Kelton,* 569 S.W.2d 876 (Tex. 1978); *Dikeman v. Snell,* 490 S.W.2d at 186; *McHone v. Gibbs,* 469 S.W.2d 789 (Tex.1971); *see generally* Reavley and Orr, Trial Court's Power to Amend Its Judgments, 25 Baylor L.Rev. 191, 197 (1973).

In the case at bar, the alleged erroneous recitation made by the trial court in the judgment rendered on June 29, 1982 is that the defendants (appellees), rather than the plaintiffs (appellants), take nothing on their claim to the remaining three-fourths' interest in Tract 45. Appellees contend that the party designations were erroneously transposed in the trial court's original judgment. Appellees suggested during oral arguments that, in entering the judgment, the trial judge was simply signing a judgment containing an erroneous recitation of the parties' names (i.e., a misnomer) prepared and presented by appellees' attorney. We recognize that this may or may not be so as a practical matter; however, it cannot be accepted as true in determining the nature of the error in the judgment. The two primary judicial decisions the trial judge had to make in rendering the judgment were (1) the sum of damages appellants were entitled to recover from appellees, if any, for breach of lease agreement and attorney's fees, and (2) the respective ownership interests in Tract 45.

Appellees' primary argument in support of the corrected judgment is that the statement in the original judgment that "defendants take nothing on their claim" is nonsensical and ambiguous since appellees (defendants) made no claim to the remaining three-fourths' interest in Tract 45. Appellees contended that they simply answered "not guilty" to appellants' trespass to try title action and that a "take nothing" judgment cannot be supported by a "not guilty" plea. The record shows that appellees proceeded to trial on their Fourth Amended Original Answer, in which appellees did answer "not guilty" to appellants' cause of action for trespass to try title. However, in that same Answer, appellees denied that any of the appellants owned Tract 45 of the Partition of Los Ejidos, and specifically stated that "Defendant Griffin & Brand of McAllen, Inc., owns Tract 45." At trial, a significant amount of the testimony presented to the court involved the owner-

---

**3.** Counsel for appellees admitted that he drafted the (proposed) judgment of June 29, 1982 con-

taining the alleged "clerical" error.

ship dispute of Tract 45.[4] Both parties introduced as evidence written instruments, such as abstracts of title, as well as tax records, in an effort to prove up *complete* ownership to Tract 45. It is clear from the pleadings and the evidence before the Court that the status of the ownership in Tract 45 was a material issue to be resolved by the trial judge in rendering a judgment.

Next, appellees contended that the error in the names of the parties in the original written judgment was clearly a drafting error made by appellees' counsel in the preparation of the judgment. In support of this argument, appellees point out that the judgment nunc pro tunc recites that the order was entered to correct clerical errors in the prior judgment. An application for the entry of a judgment nunc pro tunc requires the trial court to determine what the facts were at the time the original judgment was rendered. Once a clerical error in the judgment has been discovered, the trial court should make the correction if the records of the case contain any instruments that the trial judge could consult safely to correct the error. *Petroleum Equipment Financial Corp. v. First National Bank of Fort Worth*, 622 S.W.2d at 154. TEX.R.CIV.P. 317.

As best as we can tell from the record before us, there was essentially no evidence presented at the hearing on the motion for judgment nunc pro tunc. Counsel for appellees simply admitted to the court that he drafted the judgment and that the statement that "defendants take nothing on their claim to the other three-fourths was just a clerical error and not the court's." Appellees' counsel went on to explain that "in writing this thing up, I didn't write up what the court did, I just put the defendant where I should of [sic] put plaintiffs." The trial judge stated that he "didn't agree with the judgment," and

asked counsel for appellant if there was any problem with the court signing the nunc pro tunc judgment. Following appellants' response that they had no evidence and no argument to present, the court signed the judgment nunc pro tunc, and the parties were excused.

As stated previously, the trial court's finding or conclusion that the error is clerical is not binding on this court. *Finlay v. Jones*, 435 S.W.2d at 138. Further, when a judgment is rendered in writing and then signed and entered, it becomes the judgment of the court. Recitations or provisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and, therefore, are judicial errors when rendered in writing by the court. *Dikeman v. Snell*, 490 S.W.2d at 186. Appellees' position at the hearing on the motion for judgment nunc pro tunc seems to be that because the inadvertent clerical error (i.e., wrongly inserting "defendants" instead of "plaintiffs") was responsible for the erroneous recitation in the court's judgment, the resulting error was ipso facto clerical. However, errors in rendered and entered judgments are not clerical merely because they grow out of clerical errors. *Finlay v. Jones*, 435 S.W.2d at 138; *Love v. State Bank & Trust Co.*, 126 Tex. 591, 90 S.W.2d 819 (1936).

Another tool that the trial judge may have at his disposal to correct the judgment is his docket entries. A docket notation is evidence of the judgment actually rendered and will support the correction of a judgment nunc pro tunc. *Davis v. Davis*, 647 S.W.2d at 783; *Petroleum Equipment Financial Corp. v. First National Bank of Fort Worth*, 622 S.W.2d at 154; *Bockemehl v. Bockemehl*, 604 S.W.2d 466 (Tex.Civ.App.—Dallas 1980, no writ). The docket notation in this case simply

---

**4.** On direct examination of appellee, Onas D. Brand, conducted by appellants' counsel, appellee responded affirmatively when asked whether he was claiming ownership of Tract 45 on behalf of Griffin & Brand of McAllen. Brand also testified that, at one time during a conver-

sation with appellant, Wood, Sr., he brought up the fact that appellees were paying Wood rent on land they (appellees) owned. Appellees also adduced testimony in an effort to rebut appellants' adverse possession claim to Tract 45.

stated that the court signed the judgment on June 29, 1982. In this respect, the original written judgment remained as the only evidence of the rendition of judgment by the trial court.

A trial judge may also rely upon his personal recollection of the judgment rendered in correcting a previously rendered judgment by a written order nunc pro tunc. A presumption arises that this recollection, when relied upon, supports the finding of clerical error. *Davis v. Davis*, 647 S.W.2d at 783; *Bockemehl v. Bockemehl*, 604 S.W.2d at 469; *Wood v. Paulus*, 524 S.W.2d 749 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). In this case, it is not apparent from the record of the hearing on the motion for judgment nunc pro tunc that the trial judge based his order for correction of judgment nunc pro tunc upon any personal records or upon his personal recollection. The single statement made by the trial judge at the hearing, that he did not agree with the judgment, does not clearly show that the court was correcting its records to make them accurately reflect the judgment it in fact previously determined. Further, neither the motion or the order for correction of judgment nunc pro tunc recited the basis upon which judgment nunc pro tunc was entered, other than the standard assertion that it was entered to correct clerical errors. While the trial court's findings of fact and conclusions of law would have supported the entry of judgment nunc pro tunc, this instrument was not filed until almost one month after the judgment nunc pro tunc was signed by the court. The trial judge did not have these findings and conclusions available to consult in correcting the error. TEX.R.CIV.P. 317. They were made as an after thought in an attempt to bolster the entry of the new judgment.

There should be no entry of a judgment nunc pro tunc unless evidence is adduced to show that the court did, in fact, announce or render the judgment which the nunc pro tunc judgment purports to evidence. *Wood v. Paulus*, 524 S.W.2d at 755; 33 Tex.Jur.2d, Judgments 31 (1962). In determining whether the error is judicial or clerical, the critical inquiry is not what judgment might or ought to have been rendered, but only what judgment was actually rendered. *Coleman v. Zapp*, 151 S.W.2d at 1041; Reavley and Orr, Trial Court's Power to Amend Its Judgments, 25 Baylor L.Rev. at 196. At the time of the hearing for judgment nunc pro tunc, the original written judgment was the only evidence presented in this case that would show what the trial court had actually rendered. Given that fact, it is not clear that the only purpose of the nunc pro tunc proceeding was to have the judgment entry speak truly the judgment as rendered. Rather, it is equally possible that the motion for judgment nunc pro tunc was brought to correct a mistake of the court in its rendition, whereby an improper judgment was rendered, but its entry is in accordance with the rendition. *See Coleman v. Zapp*, 151 S.W.2d at 1041; *Missouri Pac. Ry. Co. v. Haynes*, 18 S.W. 605 (Tex. 1891).

After reviewing all of the evidence and the entire record, we recognize that there is evidence that could support either the original or the corrected entry concerning the ownership of the balance of Tract 45. Both the original judgment and the judgment nunc pro tunc are in conformity that appellants were entitled to recover from appellees an undivided one-fourth interest in Tract 45. However, the two judgments are directly conflicting as to the ownership interests to the remaining three-fourths of Tract 45. The change in the status of the ownership of an undivided three-quarter interest in the property in controversy was a material change in the decretal portion of the trial court's judgment. This was a controverted issue to be decided by the trial court. By the corrected entry, the status of the parties and their relative rights, as decreed and fixed by the original judgment, were altered, and not necessarily judicially evidence as originally determined.

Unlike a proper judgment nunc pro tunc, the judgment nunc pro tunc in this case materially altered and thus, disturbed, the initial judgment rendered by the trial court. *See Mathes v. Kelton,* 569 S.W.2d at 878; *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402 (Tex.1971); *Perry v. Nueces County,* 549 S.W.2d 239, 242 (Tex.Civ.App. —Corpus Christi 1977, writ ref'd n.r.e.); *Quintanilla v. Seagraves Ford, Inc.,* 522 S.W.2d 274 (Tex.Civ.App.—Corpus Christi 1975, no writ). These circumstances, when combined with the fact that there was no previous oral or written announcement made which we may consult, prevents us from indulging every presumption in favor of the corrected judgment. The present case therefore, is distinguishable from those cases in which the record overall reflects a clerical variance (i.e., an omitted word or provision) between the judgment announced orally and the judgment eventually signed. *See Davis v. Davis,* 647 S.W.2d at 782–85; *Catlett v. Catlett,* 630 S.W.2d 478 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Petroleum Equipment Financial Corp. v. First National Bank of Fort Worth,* 622 S.W.2d at 154; *Mogford v. Mogford,* 616 S.W.2d at 942.

We conclude that relief by means of judgment nunc pro tunc should not have been granted because the evidence of a clerical error was not clear, satisfactory and convincing that such error did, in fact, exist. The purported nunc pro tunc entry of judgment failed to clearly show that it was entered "now for then." Further, the parties to this suit could not confer subject matter jurisdiction upon the trial court by agreement or waiver. *Burke v. Satterfield,* 525 S.W.2d 950 (Tex.1975); *Duncan v. Tweedy,* 582 S.W.2d 614 (Tex.Civ.App.— Dallas 1979, no writ). The change of parties and their interests in the disputed Tract 45 amounted to the correction of a judicial error which could not be validly accomplished by substituting the new judgment for the old judgment. An appropriate remedy which was available to either party would have been to file a motion to vacate, modify, correct or reform the judgment pursuant to TEX.R.CIV.P. 329b(e).

We hold that the judgment nunc pro tunc is void.

Proper appellate steps in this appeal would date from the latter judgment if the nunc pro tunc judgment was valid. TEX.R. CIV.P. 306b. However, the time period for the appellants to perfect their appeal from the only valid judgment in this cause began on June 29, 1982. Appellants did not present their Certificate of Deposit of Cash in Lieu of Cost Bond for filing until October 15, 1982. It was not timely filed. TEX.R.CIV.P. 356.

The appeal is dismissed.