11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

John Whitnel Thompson

Appellant

Vs.                   No.  11-01-00174-CV B Appeal from Stephens County

Vicky Jo Thompson

Appellee

 

John
Whitnel Thompson and Vicky Jo Thompson were divorced on March 17, 1999.  The court rendered its divorce decree on
April 15, 1999.  The divorce decree
expressly provided that spousal maintenance to Vicky would terminate upon John=s remarriage.  John remarried in June 2000 and stopped paying spousal
maintenance payments.  The trial court
then issued an order reinstating spousal maintenance, ruling that it had
inadvertently terminated the spousal support obligation upon John=s remarriage, rather than Vicky=s remarriage.  John appeals the order entered May 1, 2001, granting Vicky=s motion to modify spousal maintenance.  We vacate the order of May 1, 2001, and
dismiss the cause.








John
presents the following six issues for review: 
(1) whether the trial court erred in rewriting provisions as contained
in the amended final decree of divorce signed and entered on September 30,
1999, dealing with spousal maintenance; (2) whether the trial court had
jurisdiction to enter an order clarifying, amending, and changing those
provisions dealing with spousal maintenance; (3) whether the trial court erred
in amending and correcting the amended final decree of divorce in the absence
of compliance with TEX.R.CIV.P. 316; (4) whether the trial court erred in its
Findings of Fact Nos. 7 thru 12 because the findings attempt to make the court=s error in its rendition of judgment on April
15, 1999, a clerical error; (5) whether the trial court erred in its
Conclusions of Law Nos. 1 thru 7 because (a) there was no clerical error in
either the court=s rendition of judgment or in the court=s entry of judgment which would allow the
rewriting of the final judgment, (b) a motion to modify spousal maintenance
permitted by TEX. FAM. CODE ANN. ' 8.008 (Vernon 1998) is restricted to reduction of existing spousal
maintenance, (c) the trial court had no jurisdiction of the parties or subject
matter with respect to reinstating spousal support, (d) Vicky did not allege
grounds for a clarification order as required by TEX. FAM. CODE ANN. ' 9.008 (Vernon 1998), (e) there was no error
in entry of the judgment since the judgment is consistent with the rendition
and, therefore, any error in the rendition is judicial error, not a clerical
error, so that the previous termination of John=s spousal maintenance obligation upon his remarriage was a judicial
error, not a clerical error; (6) whether the trial court erred in refusing to
grant John=s Request for Additional Findings of Fact
Nos. 1 thru 6, 8 thru 11, and 13 thru 20 since all such findings relate to the
ultimate and controlling issue in this case.

The
determinative issue in each of John=s six issues is whether the error in the judgment was a clerical error
or judicial error.

A trial
court can modify, correct, or reform the judgment within 30 days after the
judgment is signed.  TEX.R.CIV.P.
329b(d).  However, errors in rendition
are judicial errors and cannot be corrected after the court=s plenary power has expired.  Andrews v. Koch, 702 S.W.2d 584, 585 (Tex.
1986); In re Wal-Mart Stores, Inc., 20 S.W.3d 734, 738 (Tex.App. - El Paso
2000, orig. proceeding).  Clerical
errors can be corrected by judgment nunc pro tunc after the court=s plenary power has expired.  Andrews v. Koch, supra at 585.  To be subject to correction as a clerical
error,[1]
the judgment must incorrectly state the judgment actually rendered.  H.E. Butt Grocery Company v. Pais, 955
S.W.2d 384, 388 (Tex.App. - San Antonio 1997, no pet=n). 
Even an unintended rendition of judgment does not constitute an error in
the entry or recording of the judgment. 
H.E. Butt Grocery Company v. Pais, supra at 388.    Errors in rendered and entered judgments
are not clerical merely because they grow out of clerical errors.  Wood v. Griffin & Brand of McAllen, 671
S.W.2d 125, 130 (Tex.App. - Corpus Christi 1984, no writ).








In
determining whether the error is judicial or clerical, the critical inquiry is
not what judgment might or ought to have been rendered, but only what judgment
was actually rendered.  Wood v. Griffin
& Brand of McAllen, supra at 131. 
If a court renders a judgment incorrectly, it cannot alter a written
judgment that precisely reflects the incorrect rendition by means of a judgment
nunc pro tunc.  Alford v. Whaley, 794
S.W.2d 920, 922 (Tex.App. - Houston [1st Dist.] 1990, no writ).  The critical inquiry is when the judgment
was rendered.  Wood v. Griffin &
Brand of McAllen, supra at 129.  A
judgment is rendered when the trial court=s decision is announced either orally in open court or by memorandum
filed with the clerk.  Reese v. Piperi,
534 S.W.2d 329, 330 (Tex.1976).  In this
case, the judgment was rendered in the court=s April 15, 1999, letter.

The
judgment referred to Vicky as petitioner and John as respondent.  The judgment stated:  AThis obligation shall terminate upon the earlier of three years from
this date or upon the death, remarriage or cohabitation of respondent.@ 
(Emphasis added)  The judgment of
divorce was amended on September 30, 1999. 
The error was carried forward. 
In the amended final decree of divorce, the following portion is at
issue:  

IT IS
ORDERED that John Whitnel Thompson pay as maintenance to Vicky Jo Thompson the
sum of $1,500 per month, with the first payment being due the 15th day of May,
1999, and a like amount being due the 15th day of each month thereafter until
the earliest of one of the following events occurs:  (1) April 15, 2002; or (2) the death of Respondent; or (3) the
remarriage of Respondent; or (4) the cohabitation of Respondent with another
person in a permanent place of abode on a continuing, conjugal basis.

 

On July
12, 2000, Vicky filed a motion to modify spousal maintenance and asked the
court to change the terms of termination of spousal maintenance to the earlier
of:  

(1) April 15, 2002; or (2) the death of
either JOHN WHITNEL THOMPSON or VICKY JO THOMPSON; or (3) the remarriage of
VICKY JO THOMPSON; or (4) the cohabitation of VICKY JO THOMPSON with another
person in a permanent place of abode on a continuing, conjugal basis.  

 








At the
conclusion of the hearing on the motion, the court rendered judgment by a
letter dated March 16, 2001, which stated: AThere is no question that the intent of the court was that the spousal
maintenance was to terminate upon the death, remarriage, or cohabitation of
Mrs. ThompsonBnot Mr. Thompson.@  The
trial court explained that the error in rendition occurred because of the
switching of the parties as petitioner and respondent when John took a nonsuit.  The trial court ordered that John=s obligation to pay spousal maintenance be
reinstated and that it terminate upon the death, remarriage, or cohabitation of
Vicky.   A second letter issued by the
trial court stated that the court=s intent was to reinstate the spousal maintenance as if there had been
no interruption or question.  

In its
order, the trial court changed the provision to reflect that the maintenance
was to terminate upon the earliest of:  

(1) April 15, 2002; or (2) the death of VICKY
JO THOMPSON; or (3) the remarriage of VICKY JO THOMPSON; or (4) the
cohabitation of VICKY JO THOMPSON with another person in a permanent place of
abode on a continuing, conjugal basis.  

 

Also, the trial court
wrote:  AThe Court finds that certain terms of the prior decree in this case
were the result of inadvertent error on the part of the Court and should be
clarified.@  This
error, while inadvertent, is a judicial error.

We have
reviewed all of the record looking for any indicia that the judgment that was
rendered is not correctly represented in the judgment signed.  First, we have obtained and reviewed the
reporter=s record of the trial court=s pronouncement from the bench at the
conclusion of testimony.  At the divorce
hearing, the following conversation took place:

[COUNSEL]: 
Your Honor, are you going to grant the divorce today?

 

THE COURT: Yeah, I can do that. No, I=m not. 
I=ll grant the divorce, but I=m not going to say on what grounds yet.  The court will grant the divorce, take under
advisement the grounds on which that divorce will be granted, and the
possession, access, conservatorship and support of the children as well as the
division of property and allocation of debts.

 

Next, we have reviewed
the trial court=s docket sheet and entries.  The docket entry for April 15, 1999, reads
as follows:

Parties as joint Mng Conservators of children
w/ Pet to determine residence of Sunny Thompson and Respondent to determine
residence of Levi Thompson; No CS; Std Poss Order Visitation; Resp maintain
health insurance on children; Property & Debts per letter ruling on
4-15-99.

 








The amended divorce
decree, the final judgment in this case, states that John shall determine the
residence of Levi and that John shall provide health insurance.  Consequently, the docket sheet identifies
John as the respondent, not Vicky.  In
the letter of April 15, 1999, the agreement specifically identifies the
parties:  AVicky Jo Thompson will be referred to as Petitioner and John Whitnel
Thompson will be referred to as Respondent.@

Unlike the
cases of Newsom[2]
and Dickens[3] relied
upon by the dissent, there is no evidence contained in the pronouncement from
the bench, from the court=s docket sheet, or the court=s letter to the parties from which we could determine that the final
written judgment incorrectly stated the judgment actually rendered.  This error, while unfortunate, is a judicial
error. Because the error complained of is a judicial error, the trial court had
no jurisdiction to modify its judgment after the lapse of its plenary
power.  The first issue is
sustained.  Consequently, we need not
specifically address the remaining issues.

Because
the trial court was without jurisdiction, the order of May 1, 2001, is vacated,
and the cause is dismissed.

 

March 21, 2002                                                                       W.
G. ARNOT, III

Do not publish.  See TEX.R.APP.P. 47.3(b).                CHIEF
JUSTICE

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.








 

                                                                Dissenting
Opinion

I
respectfully dissent.  I would uphold
the trial court=s order regarding spousal maintenance because
it merely corrected a clerical mistake in the judgment.  TEX.R.CIV.P. 316 provides that a trial court
may, after its plenary power has expired, correct clerical mistakes in a judgment
Aaccording to the truth or justice of the
case.@  A
clerical error is a mistake that arises in the entry, rather than the
rendition, of a judgment but does not result from judicial reasoning or
determination.  Escobar v. Escobar, 711
S.W.2d 230 (Tex.1986); Knox v. Long, 257 S.W.2d 289, 292 (Tex.1953).  The determination of whether the mistake was
clerical is a question of law.  Escobar
v. Escobar, supra. 

A court
may award spousal maintenance under certain circumstances provided for in TEX.
FAM. CODE ANN. ' 8.001 et seq. (Vernon 1998 & Supp.
2002).  Section 8.007 provides the
following grounds upon which the maintenance payments shall terminate: 

(a) The
obligation to pay future maintenance terminates on the death of either party or
on the remarriage of the party receiving maintenance.

 

(b) After
a hearing, the court shall terminate the maintenance order if the party
receiving maintenance cohabits with another person in a permanent place of
abode on a continuing, conjugal basis. 
(Emphasis added) 

 

The party receiving
maintenance in this case was Vicky Jo Thompson.  The trial court found that it intended to provide for the
maintenance to continue until Vicky=s remarriage or cohabitation but that it made a clerical mistake by
using the term Arespondent@ to refer to Vicky.  Although
she subsequently became realigned as the petitioner, Vicky was originally the
respondent in the divorce proceedings.  








In a
similar case, the Austin Court of Appeals held the error to be clerical in
nature.  Newsom v. Petrilli, 919 S.W.2d
481 (Tex.App. - Austin 1996, no writ). 
The Newsom court upheld a trial court=s judgment nunc pro tunc and held that the
use of the word ARespondent,@ rather than APetitioner,@ in the divorce decree was a clerical
error.  Newsom v. Petrilli, supra at
482-83; see also Dickens v. Willis, 957 S.W.2d 657 (Tex.App. - Austin 1997, no
pet=n).  I
would follow the Newsom opinion and hold that the error in this case was
clerical.  

 

TERRY
McCALL

JUSTICE

 

March 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]TEX.R.CIV.P. 316 provides: 

 

Clerical mistakes in the record of any
judgment may be corrected by the judge in open court according to the truth or
justice of the case after notice of the motion therefor has been given to the
parties interested in such judgment, as provided in Rule 21a, and thereafter
the execution shall conform to the judgment as amended.





[2]Newsom v. Petrilli, 919 S.W.2d 481 (Tex.App. - Austin
1996, no writ).





[3]In Dickens v. Willis, 957 S.W.2d 657 (Tex.App. - Austin
1997, no pet=n), the Austin court misstates the standard of
review.  The court correctly cites
Escobar v. Escobar, 711 S.W.2d 230 (Tex.1986), and Finlay v. Jones, 435 S.W.2d
136 (Tex.1968), for the proposition that whether an error is clerical or
judicial is a question of law.  Then the
court in Dickens stated:

 

The question, however, becomes one of law "only
after the trial court factually determines whether it previously rendered
judgment and the judgment's contents." 
An appellate court may review the trial court's factual determination
only for legal and factual insufficiency of the evidence.  (Citation omitted)

 

What the court in Escobar v.
Escobar, supra at 232, actually said was:

 

However, whether the court pronounced judgment orally
and the terms of the pronouncement are questions of fact. The judicial or
clerical question becomes a question of law only after the trial court
factually determines whether it previously rendered judgment and the judgment's
contents.  (Citations omitted)

 

Applying the standard of review, the court in Dickens
stated:  

 

After reviewing all the
evidence in the record for both legal and factual sufficiency, we conclude that
the evidence sufficiently supports the finding that the error in the original
divorce decree was clerical not judicial.

 

On appeal,
appellate courts would never apply a factual sufficiency review to a question
of law.  Appellate courts may review for
factual sufficiency the trial court's factual determinations on whether a
judgment had been rendered.  Escobar v.
Escobar, supra.  However, the final
question of whether an error is clerical or judicial is a question of law.  Although this standard is misapplied, we
disagree with neither the reasoning or holdings in Dickens or Newsom.