MEMORANDUM OPINION


No. 04-03-00475-CV

IN THE INTEREST OF R.P.T. and T.D.T., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 97-CI-12463
Honorable David Berchelmann, Jr., Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   February 23, 2005

REVERSED AND RENDERED
            Anthony Trevino appeals a nunc pro tunc order taxing the attorney’s fees awarded to Freddy
Ruiz as costs against Anthony. Because the nunc pro tunc order corrected a judicial error after the
trial court’s plenary jurisdiction expired, we sustain Anthony’s fourth issue. Because this issue is
dispositive of the appeal, we do not address Anthony’s first three issues.


 See Tex. R. App. P. 47.1
(opinion need only address issues necessary to final disposition of the appeal). We reverse the trial
court’s nunc pro tunc order and render judgment that the nunc pro tunc order is void.
Background
            After a two-week jury trial resulted in no modification of custody, issues regarding child
support and attorney’s fees were tried to the bench. After a hearing, the trial court took the issues
under advisement. The trial court simultaneously rendered and entered its order on September 16,
2002. Prior to a handwritten change, the typewritten order provided as follows:
63.Attorney’s Fees IT IS ORDERED that attorney fees are to be borne by the
party who incurred them.
 
64.Costs IT IS ORDERED that costs of court are to be borne by the party who
incurred them.

After the handwritten change, the order provided as follows:
63.Attorney’s Fees IT IS ORDERED the attorney fees which were incurred in
relation to the children and are in the nature of child support are taxed as cost[s] and
Freddy Ruiz may enforce this order for fees in his own name. The atty. fees are set
at $14,800.00 Fourteen Thousand Eight Hundred Dollars.
 
64.Costs IT IS ORDERED that costs of court are to be borne by the party who
incurred them.

            On October 11, 2002, Anthony filed a motion for new trial asserting, among other issues, that
the trial court erred in awarding attorney’s fees and erred in awarding attorney’s fees as child
support. The trial court interlineated a handwritten change to paragraph 63, substituting the words
“were necessary” for the phrase “are in the nature of child support.”
            On December 17, 2002, Lillian Trevino filed a motion for judgment nunc pro tunc, seeking
to have the judgment corrected to tax the attorney’s fees as costs against Anthony. A hearing was
held on the motion, and the trial court took the matter under advisement with the parties being
permitted to brief the issue of whether the error was judicial or clerical. On May 28, 2003, the trial
court entered an order nunc pro tunc substituting the following language in paragraph 63:
63.Attorney’s Fees IT IS ORDERED that attorney fees which were incurred in
relation to the children were necessary are taxed as cost[s] against Anthony L.
Trevino, Jr. and Freddy B. Ruiz may enforce this order for fees in his own name. 
The attorney’s fees are set at $14,800.00 (Fourteen thousand eight hundred dollars).

Discussion
            Judicial errors may not be corrected by a nunc pro tunc proceeding after the trial court’s
plenary jurisdiction expires. America’s Favorite Chicken Co. v. Galvan, 897 S.W.2d 874, 876 (Tex.
App.—San Antonio 1995, writ denied). A “judicial error” is commonly defined as an error in the
rendition of judgment as opposed to the entry of judgment. Id. Recitations or provisions alleged to
have been included in a judgment by mistake of the attorney are nevertheless part of the court’s
judgment as rendered and are judicial errors as a matter of law. Id. at 879. Clerical errors, on the
other hand, may be corrected under the trial court’s nunc pro tunc powers at any time. Id. at 876. 
Clerical errors involve no judicial determination or reasoning and arise when the judgment as entered
does not reflect the judgment the trial court actually rendered. Id. at 876-77.
            Whether an error in a judgment is clerical rather than judicial is a question of law. Id. at 877. 
Before making this legal determination, however, the trial court must resolve a fact question of what
judgment was actually rendered. Id. In considering a motion for judgment nunc pro tunc, the trial
court may not focus on what judgment should have been rendered. Id. Rather, the critical inquiry
must be on what judgment was actually rendered by the trial court. Id. If the judgment entered is
the same as the judgment rendered, regardless of whether the rendition was incorrect, a trial court
cannot make a correction to the entered judgment after its plenary power expires. Id. 
            In this case, the trial judge’s signing of the order on September 16, 2002, constituted his
rendition of judgment. Id. at 878; see also Wood v. Griffin & Brand of McAllen, 671 S.W.2d 125,
129 (Tex. App.—Corpus Christi 1984, no writ). In order to grant a judgment nunc pro tunc, the
evidence must be clear and convincing that a clerical error was made. Thompson v. Tex. Dept. of
Human Resources, 859 S.W.2d 482, 485 (Tex. App.—San Antonio 1993, no writ) (quoting Pruet
v. Coastal States Trading, Inc., 715 S.W.2d 702, 705 (Tex. App.—Houston [1st Dist.] 1986, no
writ)). Evidence may be in the form of oral testimony of witnesses, written documents, the court’s
docket, and the judge’s personal recollections. Id. 
            If the same trial judge who enters the judgment grants the nunc pro tunc, a presumption arises
that the judge’s personal recollection supports the finding of clerical error. Id.; Wood, 671 S.W.2d
at 131. The effect of this presumption in the absence of evidence other than the original written
judgment was considered by the Corpus Christi court in Wood, 671 S.W.2d at 131-132. In Wood,
the court reasoned:
A trial judge may also rely upon his personal recollection of the judgment
rendered in correcting a previously rendered judgment by a written order nunc pro
tunc. A presumption arises that this recollection, when relied upon, supports the
finding of clerical error. In this case, it is not apparent from the record of the hearing
on the motion for judgment nunc pro tunc that the trial judge based his order for
correction of judgment nunc pro tunc upon any personal records or upon his personal
recollection. The single statement made by the trial judge at the hearing, that he did
not agree with the judgment, does not clearly show that the court was correcting its
records to make them accurately reflect the judgment it in fact previously determined. 
Further, neither the motion or the order for correction of judgment nunc pro tunc
recited the basis upon which judgment nunc pro tunc was entered, other than the
standard assertion that it was entered to correct clerical errors. While the trial court’s
findings of fact and conclusions of law would have supported the entry of judgment
nunc pro tunc, this instrument was not filed until almost one month after the
judgment nunc pro tunc was signed by the court. The trial judge did not have these
findings and conclusions available to consult in correcting the error. They were made
as an after thought in an attempt to bolster the entry of the new judgment.
There should be no entry of a judgment nunc pro tunc unless evidence is
adduced to show that the court did, in fact, announce or render the judgment which
the nunc pro tunc judgment purports to evidence. In determining whether the error
is judicial or clerical, the critical inquiry is not what judgment might or ought to have
been rendered, but only what judgment was actually rendered. At the time of the
hearing for judgment nunc pro tunc, the original written judgment was the only
evidence presented in this case that would show what the trial court had actually
rendered. Given that fact, it is not clear that the only purpose of the nunc pro tunc
proceeding was to have the judgment entry speak truly the judgment as rendered. 
Rather, it is equally possible that the motion for judgment nunc pro tunc was brought
to correct a mistake of the court in its rendition, whereby an improper judgment was
rendered, but its entry is in accordance with the rendition.

671 S.W.2d at 131 (citations omitted).
            In this case, no evidence was presented at the hearing on the motion for judgment nunc pro
tunc and no statements were made by the trial judge regarding his personal recollection; therefore,
the original order is the only evidence that showed the judgment rendered by the trial court.


 The
original judgment taxed attorney’s fees as costs and provided for costs to be borne by the party who
incurred them. Although this may not have been the judgment the trial court intended to render and
may have been the result of a hastily drafted insertion, by rendering judgment that the attorney’s fees
be taxed as costs, the trial court rendered judgment that the attorney’s fees be borne by the party who
incurred them.
Conclusion
            Because the nunc pro tunc order corrected a judicial error and was entered outside of the trial
court’s plenary jurisdiction, the order is void.
Catherine Stone, Justice